DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOHIT GOURISARIA (CABN 320754)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    mohit.gourisaria@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 20-71406 MAG |
|---|---|
| Plaintiff, | ) SUPPLEMENTAL MEMORANDUM IN SUPPORT |
| v. | ) OF UNITED STATES' MOTION TO ORDER |
|  | ) DEFENDANT DETAINED |
| ADRIAN KYLE BENJAMIN, | ) Judge: Hon. Nathanael Cousins |
|  | ) Date:  October 22, 2020 |
| Defendant. | ) Time:  10:30 a.m. |

    On October 8, 2020, this Court ordered Benjamin released on a $25,000 unsecured bond, signed by a surety and requiring the surety also to be a custodian. The United States moved the district court (Hon. Edward M. Chen) to revoke the release order and to order Benjamin detained. *See* Dkt. 13 (memorandum in support of motion); 19 (reply in support of motion). The district court heard the motion on October 14, 2020, and remanded the case back to this Court. *See* Dkt. 20 (remand order); Exhibit A (transcript of October 14 detention hearing before Hon. Chen).

    In remanding the case, the district court found that the release conditions previously imposed were inadequate. As a result, it ordered that any release bond must include at least the following conditions:

UNITED STATES' SUPPLEMENTAL MEMORANDUM
CR 20-71406 MAG         1

1. Defendant may not have access to *any* electronic devices except communal devices at the halfway house;[1]
2. Defendant shall reside in a halfway house, subject to rules and regulations of the house as coordinated by pretrial services (and be allowed to leave only for treatment purposes);[2]
3. Defendant shall participate in mental health treatment; and
4. Sureties shall be attained.

*See* Dkt. 20.

The United States files this supplemental memorandum to reiterate its position that no combination of release conditions can reasonably assure the community's safety in this case and that, therefore, Benjamin should be detained. Two new considerations that have a material bearing on the issue lend further support to the government's position.

**I.     The FBI's preliminary review of a mobile phone seized from Benjamin in October 2020 indicates that he continued to make contact with suspected minors until his arrest and that he lied to law enforcement about his online activity.**

In March 2020, the FBI seized all of Benjamin's electronic devices when it executed a search warrant at his residence. Shortly after the search warrant, Benjamin's mother bought him a new phone. That phone was seized by the FBI when they arrested him on October 1, 2020.

The FBI, in conducting a preliminary review of the forensic image of the seized phone, has found additional images and videos of suspected child erotica and child pornography, including the following dated between July 15 and August 14, 2020:

- One image of what appears to be a naked female exposing her breasts and upper pubic area while taking a "selfie" in a mirror.
- One image of what appears to be a female exposing her buttocks in front of a mirror.

---

[1] "[Hon. Chen]: One of the restrictions would be no device. Only common area device. If he wants to search for a job or use something, he would use the communal device and that would be monitored." Exhibit A, 28:10-13; *see also id.*, 30:9-22.

[2] "[Hon. Chen]: Combine that with a specific program because I think he needs treatment. Combine a halfway house with -- I don't know if it needs to be -- who is -- who is our service provider or vendor anymore. But if he were to get into a program and be released for only treatment purposes, would that make more sense and assure more safety yet provide him with some path for rehabilitation?" Exhibit A, 27:6-12; *see also id.*, 30:16-17 ("I would think it would be a very strict, at least initially, adherence and really detention at the halfway house").

- One video of what appears to be a female masturbating using at first a single white cylindrical object to insert into her vagina. Throughout the video, the female then adds a second black cylindrical object to insert into her vagina at the same time of the white object. The video is 4 minutes, 36 in duration.
- One video of what appears to be a female penetrating and rubbing her vagina with her fingers. The video is 1 minutes, 37 seconds in duration.
- One video of what appears to be a Snapchat recording of a female masturbating by using her fingers to penetrate, rub, and expose her vagina. The video is 24 seconds in duration.
- One video of what appears to be a female masturbating using her fingers to penetrate, rub, and expose her vagina. The video is 21 seconds in duration.
- Two videos of what appear to be Snapchat screen recordings of a female masturbating. For both videos, only the female's voice is heard. The screen is blank.

The FBI also found 24 videos of what appeared to be Benjamin masturbating and stroking his penis until climax. These videos were taken between July 18 and September 22, 2020. Some of these video recordings included Snapchat banners that suggest the videos were sent to others.

Finally, when questioned by the FBI during his arrest, Benjamin stated that he had not used social-media platforms such as Snapchat for many months. But the initial review of his phone shows that he in fact was using those platforms to communicate with suspected minors (as indicated by their messages, photos exchanged, and screenshots saved by Benjamin) as recently as September 30, 2020 — the day before his arrest.

**II.    Release to the halfway house does not mitigate the danger that Benjamin poses.**

A halfway house, though it provides some additional safeguards, does not reasonably assure the community's safety in this case.

The halfway house searches the rooms of its residents at least once per month. *See* Gourisaria Decl., ¶ 3(c). It does not conduct searches daily or even weekly. And there are no cameras to monitor the day-to-day conduct of residents. *See id*. More concerning, residents typically are permitted one personal mobile phone, and with authorization, a personal laptop. *See id*., ¶ 3(d). Though his conditions, as ordered on remand, would not allow him any electronic devices of his own, Benjamin would have easy

access to devices belonging to other residents, likely including those with whom he shares a room.

Further, though deliveries undergo inspection, residents at the halfway house have been known to sneak in unauthorized items, including things like a six-foot teddy bear and a dresser. *See id.*, ¶ 3(g). Smaller electronic devices, of course, are easier to sneak in and hide. As a result, residents — who are "somewhere between loosely and tightly monitor[ed]" — have been found with unauthorized electronic devices (including tablets and laptops). *See id.*, ¶ 3(h). This is an overwhelming concern in Benjamin's case and an unfair risk to impose on his potential future victims, especially since it is known that residents in the past have successfully committed new sex offenses. *See id.*, ¶ 3(i).

The district court in *Marigny* — another online sex exploitation case — understood the inadequacies of a halfway house. It held that "[w]hile phones and computers may be placed out of reach to limit Defendant's Internet access, they are overwhelmingly available in the community such that Defendant could gain access to the Internet with virtually no supervision and pretrial services would not be sufficiently alerted of Defendant's breach of his conditions." *United States v. Marigny*, No. 20-MJ-70755-MAG-1, 2020 WL 4260622, at *5 (N.D. Cal. July 24, 2020). Those inadequacies are magnified vis-à-vis Benjamin because he has already proven through his conduct between March and September that no set of release conditions will deter him from exploiting children online.

*****

Because there are no conditions of release that could reasonably assure the safety of the community, in particular Benjamin's minor victims, the United States requests that he be detained.

DATED:  October 19, 2020

Yours sincerely,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
MOHIT GOURISARIA
Assistant United States Attorney

UNITED STATES' SUPPLEMENTAL MEMORANDUM
CR 20-71406 MAG                                                      4